*Paid*

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JOHNSON CHIU
6

**Filed**

UCT 1

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
               SAN FRANCISCO/OAKLAND DIVISION

10 JOHNSON CHIU,                          Case No. **CV 12-05364**

11                    Plaintiff,          **COMPLAINT**

12       v.                               **DEMAND FOR JURY TRIAL**

13 NELSON & KENNARD, a general
14 partnership; and ROBERT SCOTT          15 United States Code § 1692 *et seq.*
   KENNARD, individually and in his official
15 capacity,

16                    Defendants.

17        Plaintiff, JOHNSON CHIU, based on information and belief and investigation of counsel,

18 except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

19

20 personal knowledge), hereby makes the following allegations:

21                              **I. INTRODUCTION**

22        1.    This is an action for actual damages, statutory damages, attorney fees and costs

23 brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

24

25 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in

26 abusive, deceptive and unfair practices.

27        2.    According to 15 U.S.C. § 1692:

28             a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

                                    - 1 -
                                  COMPLAINT

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

1   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

2   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

3   judicial district.

4
                            ### IV. INTRADISTRICT ASSIGNMENT
5

6       6.   This lawsuit should be assigned to the San Francisco/Oakland Division of this

7   Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in

8   San Francisco County.

9
                                        ### V. PARTIES
10

11      7.   Plaintiff, JOHNSON CHIU (hereinafter "Plaintiff"), is a natural person residing in

12  San Francisco County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. §

13  1692a(3).

14      8.   Defendant, NELSON & KENNARD (hereinafter "N&K"), is a general partnership

15  engaged in the business of collecting debts in this state with its principal place of business located at:

16  2180 Harvard Street, Suite 160, Sacramento, California 95815.  N&K may be served at: Nelson &
17
    Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento,
18
19  California 95815.  The principal business of N&K is the collection of debts using the mails and

20  telephone, and N&K regularly attempts to collect debts alleged to be due another.  N&K is a "debt

21  collector" within the meaning of 15 U.S.C. § 1692a(6).

22
        9.   Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural
23
24  person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general

25  partner of N&K at all relevant times.  KENNARD may be served at his current business address at:

26  Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California

27  95853.  The principal purpose of KENNARD's business in the collection consumer debts due or

28

1   alleged to be due another. KENNARD is regularly engaged in the business of collecting consumer

2   debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and

3   obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. KENNARD is

4   a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5

6          10.    At all times herein mentioned, each of the Defendants was an officer, director,

7   agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

8   times, each Defendant was acting in the full course and scope of said office, directorship, agency,

9   service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

10  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

11

12                              **VI. FACTUAL ALLEGATIONS**

13         11.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation,

14  namely a consumer credit account issued by Capital One Bank (USA), N.A. (hereinafter "the debt").

15  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as

16  that term is defined by 15 U.S.C. § 1692a(5).

17

18         12.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

19  a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for

20  collection from Plaintiff.

21         13.    On or about November 7, 2011, Defendants filed a lawsuit against Plaintiff in the

22  Superior Court of California, San Francisco County captioned *Capital One Bank (USA), N.A. v.*

23  *Johnson Chiu, et al.*, Case No. CGC-11-515719 (hereinafter the "*Capital One v. Chiu* complaint"),

24
25  which sought to collect $4,010.64 in damages.

26         14.    A true and accurate copy of the *Capital One v. Chiu* complaint is attached hereto,

27  marked Exhibit "1," and by this reference is incorporated herein.

28

15.    The *Capital One v. Chiu* complaint (Exhibit "1") stated as follows:

Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): JOHNSON CHIU became indebted to plaintiff within the last four years on an open book account for money due.

16.    The *Capital One v. Chiu* complaint (Exhibit "1") stated as follows:

Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): JOHNSON CHIU became indebted to plaintiff within the last four years because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

17.    The *Capital One v. Chiu* complaint (Exhibit "1") stated as follows:

Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): JOHNSON CHIU became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $4,010.64.

18.    As a result of the *Capital One v. Chiu* complaint (Exhibit "1"), Plaintiff was

required to retain legal counsel at his own expense thereby incurring actual damages in the form of

attorney fees and costs.[1]

19.    Capital One Bank (USA), N.A., is a national banking association with its principal

offices located at: 4851 Cox Road, Glen Allen, Virginia 23060.

20.    The Customer Agreement between Plaintiff and Capital One Bank (USA), N.A.,

states in relevant part as follows:

Governing Law: WE MAKE THE DECISION TO GRANT CREDIT, OPEN AN ACCOUNT AND ISSUE YOU A CREDIT CARD FROM OUR OFFICES IN VIRGINIA. This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties.

[1] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

This Agreement is made in Virginia.  It will be governed only by Federal law and Virginia law (to the extent not preempted by Federal law).  If a court decides not to enforce a part of this Agreement, this Agreement will then read as if the unenforceable or invalid part were not there, but the remaining parts will remain in effect.

21.    The Virginia statute of limitations for breach of a credit card agreement is three years.  See, Va. Code Ann. § 8.01-246(4).

22.    Capital One Bank (USA), N.A.'s claims against Plaintiff accrued more than three years prior to the filing of the *Capital One v. Chiu* complaint (Exhibit "1").  "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[2]

23.    The *Capital One v. Chiu* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

25.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

26.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27.    Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28.    Defendant, KENNARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29.    The financial obligation owed by Plaintiff is a "debt" as that term is defined by the

---

[2]  *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

- 6 -
COMPLAINT

FDCPA, 15 U.S.C. § 1692a(5).

30. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendants attempted to collect the alleged debt from Cross-Complainant, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

d. Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

31. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

32. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f;

c) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

1    U.S.C. § 1692k(a)(1);

2    d)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15

3         U.S.C. § 1692k(a)(2)(A);

4
5    e)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

6         U.S.C. § 1692k(a)(3); and

7    f)  Award Plaintiff such other and further relief as may be just and proper.

8

9                                          CONSUMER LAW CENTER, INC.

10

11   By: /s/ Fred W. Schwinn
     Fred W. Schwinn (SBN 225575)
12   CONSUMER LAW CENTER, INC.
     12 South First Street, Suite 1014
13   San Jose, California 95113-2418
     Telephone Number: (408) 294-6100
14   Facsimile Number: (408) 294-6190
     Email Address: fred.schwinn@sjconsumerlaw.com
15

16   Attorney for Plaintiff
     JOHNSON CHIU
17

18              **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

19
     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named
20
21   parties, there is no such interest to report.

22                                          /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
23

24                    **DEMAND FOR JURY TRIAL**

25       PLEASE TAKE NOTICE that Plaintiff, JOHNSON CHIU, hereby demands a trial by jury of all

26   triable issues of fact in the above-captioned case.

27                                          /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
28

                                    - 8 -
                                  COMPLAINT

0/00/2011  16:10:27 FAX 213249   0      NATIONWIDE LEGAL                                39

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert Scott Kennard, S.B.N. 117017, <br> NELSON & KENNARD          File No. 11-07728-0 <br> 2180 Harvard Street, Ste. 160   (95815) <br> P.O. Box 13807 <br> Sacramento, CA 95853 | |

TELEPHONE NO:  (916) 920-2295           FAX NO.*(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*    CAPITAL ONE BANK (USA), N.A.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

STREET ADDRESS: 400 McAllister Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA  94102

BRANCH NAME: LIMITED CIVIL CASE

ENDORSED <br> Superior Court of California <br> County of San Francisco

**NOV 07 2011**

CLERK OF THE COURT <br> BY: ROSSALY DE LA VEGA-NAVARRO <br> Deputy Clerk

PLAINTIFF:  CAPITAL ONE BANK (USA), N.A.

DEFENDANT:  JOHNSON CHIU  ,

[ X ] DOES 1 TO _____ 10

## CONTRACT

| [ X ] COMPLAINT | [ ] AMENDED COMPLAINT *(Number):* |
|---|---|
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT *(Number):* |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [X] ACTION IS A LIMITED CIVIL CASE <br> Amount demanded  [X] does not exceed $10,000 <br> [  ] exceeds $10,000 but does not exceed $25,000 <br> [ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) <br> [ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint <br> [ ] from limited to unlimited <br> [ ] from unlimited to limited | CGC - 11 - 51 57 19 |

1. Plaintiff* *(name or names):*  CAPITAL ONE BANK (USA), N.A. <br> alleges causes of action against defendant* *(name or names):*   JOHNSON CHIU  ,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. a. Each plaintiff named above is a competent adult <br> [ X ] except plaintiff *(name):* CAPITAL ONE BANK (USA), N.A. <br> [  ] a corporation qualified to do business in California <br> [  ] an unincorporated entity *(describe):* <br> [X] other *(specify):* NATIONAL BANKING ASSOCIATION

   b. [  ] Plaintiff *(name):* <br> a. [  ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):* <br> b. [  ] has complied with all licensing requirements as a licensed *(specify):*

   c. [  ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

**EXHIBIT** <br> tabbies <br> **1**

4. a. Each defendant named above is a natural person <br>
[  ] except defendant *(name):*                              [  ] except defendant *(name):* <br>
(1) [  ] a business organization, form unknown          (1) [  ] a business organization, form unknown <br>
(2) [  ] a corporation                                  (2) [  ] a corporation <br>
(3) [  ] an unincorporated entity *(describe):*          (3) [  ] an unincorporated entity *(describe):* <br>
(4) [  ] a public entity *(describe):*                   (4) [  ] a public entity *(describe):* <br>
(5) [  ] other *(specify):*                              (5) [  ] other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use <br> Judicial Council of California <br> PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract** .

Code of Civil Procedure, § 425.12

00/00/2011  16:10:27 FAX 213249( 0      NATIONWIDE LEGAL                    40

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CAPITAL ONE BANK (USA), N.A. v. JOHNSON CHIU, et al. | |

4. *(Continued)*
  b. The true names of defendants sued as Does are unknown to plaintiff.
    (1) [ X ] Doe defendants *(specify Doe numbers):*  ___1 – 5___ were the agents or employees of the named
        defendants and acted within the scope of that agency or employment.
    (2) [ X ] Doe defendants *(specify Doe numbers):*  ___6 – 10___ are persons whose capacities are unknown to
        plaintiff.
  c. [  ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
  d. [  ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [  ] Plaintiff is required to comply with a claims statute, **and**
    a. [  ] plaintiff has complied with applicable claims statutes, or
    b. [  ] plaintiff is excused from complying because *(specify):*

6. [  ] This action is subject to [  ] Civil Code section 1812.10  [  ] Civil Code section 2984.4.
7. This court is the proper court because
    a. [  ] a defendant entered into the contract here.
    b. [  ] a defendant lived here when the contract was entered into.
    c. [ X ] a defendant lives here now.
    d. [  ] the contract was to be performed here.
    e. [  ] a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. [  ] real property that is the subject of this action is located here.
    g. [  ] other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one
    or more causes of action attached):*
    [  ] Breach of Contract

    [ X ] Common Counts

    [  ] Other *(specify):*

9.   [ X ] Other allegations:  Prior to commencement of this action, the Defendants were
informed in writing that if an action were commenced, the Plaintiff may recover its
reasonable attorney's fees and court costs, where allowed by law, in addition to the
principal and interest otherwise owed.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [ X ] damages of $  4,010.64
    b. [ X ] interest on the damages
        (1) [  ] according to proof
        (2) [ X ] at the rate of *(specify):* 0.000  percent per year from *(date):*  10/21/08
    c. [  ] attorney fees
        (1) [  ] of: $
        (2) [  ] according to proof.
    d. [  ] other *(specify):* Attorney fees pursuant to Civil Code Section 1717.

11. [  ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: October 5, 2011
        ROBERT SCOTT KENNARD

_____                    _____
        (TYPE OR PRINT NAME)                          (Signature of plaintiff or attorney)
                    *(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE:<br>CAPITAL ONE BANK (USA), N.A. v. JOHNSON CHIU, et al. | CASE NUMBER: |
|---|---|

## FIRST     CAUSE OF ACTION–Common Counts
<small>(number)</small>

ATTACHMENT TO  [ X ] Complaint  [  ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: CAPITAL ONE BANK (USA), N.A.

alleges that defendant *(name)*: JOHNSON CHIU  ;

became indebted to  [ x ] plaintiff  [  ] other *(name)*:

a. [ X ] within the last four years
   (1) [ X ] on an open book account for money due.
   (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
        was agreed that defendant was indebted to plaintiff.

b. [ X ] within the last  [  ] two years  [ X ] four years
   (1) [  ] for money had and received by defendant for the use and benefit of plaintiff.
   (2) [  ] for work, labor, services and materials rendered at the special instance and request of
   defendant
        and for which defendant promised to pay plaintiff.
        [  ] the sum of $
        [  ] the reasonable value.
   (3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
        promised to pay plaintiff
        [ X ] the sum of $ 4,010.64
        [  ] the reasonable value.
   (4) [  ] for money lent by plaintiff to defendant at defendant's request.
   (5) [  ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
        request.
   (6) [  ] other *(specify)*:

CC-2. $ 4,010.64   which is the reasonable value, is due and unpaid despite plaintiff's demand,
   plus prejudgment interest  [  ] according to proof  [ X ] at the rate of  0.000   percent per year
   from *(date)*: 10/21/08

CC-3. [  ] Plaintiff is entitled to attorney fees by an agreement or a statute
   [  ] of $
   [  ] according to proof

CC-4. [  ] Other: Attorney fees pursuant to Civil Code Section 1717.

Page _____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION – Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

## VERIFICATION

I, ROBERT SCOTT KENNARD, declare:

I am an attorney at law duly admitted and licensed to practice before all courts of the State of California and I have my professional office at 2180 Harvard Street, Ste. 160, Sacramento, Sacramento County, California.

I am the attorney of record for Plaintiff in the above entitled matter.

Said Plaintiff is absent from the county in which I have my office and for that reason I am making this verification on their behalf.

I have read the foregoing documents and know the contents thereof.

Venue lies properly with this court because Defendant either resides in this judicial district at the time this action is commenced or the contract was in fact signed by the Defendant in this judicial district.

As to all other matters, I am informed and believe that the matters stated therein are true, and on that ground, I allege that the matters stated therein are true.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on ___October 5, 2011___, at Sacramento, California.

ORIGINAL SIGNED BY:

ROBERT SCOTT KENNARD

File No. 11-07728-0
ROBERT SCOTT KENNARD
State Bar No. 117017
NELSON & KENNARD
2180 Harvard Street, Ste. 160 (95815)
P.O. Box 13807
Sacramento, CA 95853
Telephone: (916) 920-2295
Facsimile: (916) 920-0682

Attorneys for Plaintiff

ENDORSED
FILED
Superior Court of California
County of San Francisco

NOV 07 2011

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA-NAVARRO
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

CAPITAL ONE BANK (USA), N.A.  ) Case No.: CGC-11-515779
                               )
        Plaintiff,             )
                               ) **DECLARATION PURSUANT TO C.C.P.**
    vs.                        ) **§395(b); VENUE FOR PERSONAL,**
                               ) **FAMILY OR HOUSEHOLD OBLIGATIONS**
JOHNSON CHIU                   )
        Defendant(s).          )
                               )

I declare as follows:

1.   This is an obligation of the defendant for goods, services, loan or an extension of credit intended primarily for personal, family or household use.

2.   The judicial district in which this action is filed is good because San Francisco is the County:

☐    a.   In which the defendant in facts signed the contract;

☐    b.   In which the defendant resided at the time the contract was entered into; or,

☒    c.   In which the defendant resided at the commencement of this action

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2011 at Sacramento, California.

_____
Declarant

DECLARATION PURSUANT TO C.C.P. §395(b) - 1